IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Jeffrey Davidson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Account Resolution Team, Inc., a Tennessee corporation, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jeffrey Davidson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Jeffrey Davidson ("Davidson"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for medical services.

4. Defendant, Account Resolution Team, Inc. ("ART"), is a Tennessee corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

1

consumer debts that it did not originate. ART operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant ART was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant ART is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant ART conducts business in Alabama.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay his debts, including a consumer debt he allegedly owed for medical services. Defendant ART attempted to collect this debt from him via a negative credit report. Unsure about Defendant ART, and unsure about the debt, Mr. Davidson consulted with counsel about his debt issues and the debt that ART was trying to collect.

7. Accordingly, Mr. Davidson's attorney wrote to Defendant ART, via a letter dated September 2, 2020, to dispute the debt that ART was trying to collect. A copy of this letter and facsimile confirmation are attached as Exhibit B.

8. On January 4, 2021, Mr. Davidson obtained and reviewed a copy of his Experian credit report, which showed that Defendant ART had continued to report the debt he allegedly owed for medical services, but had failed to note that the debt was disputed. The pertinent part of Mr. Davidson's Experian credit report is attached as Exhibit C.

9. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to

report, the debt on Plaintiff's credit report impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that it was disputed, made it appear to Plaintiff that he did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and distressed Mr. Davidson, and impacted his credit score.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False or Misleading Representations

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

14. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

19. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jeffrey Davidson, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Davidson, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jeffrey Davidson, demands trial by jury.

Jeffrey Davidson,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

By: /s/ Ronald C. Sykstus_____
One of Plaintiff's Attorneys

Dated: January 8, 2021

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com